

Timothy J. Burch, *Pro Se.*
Dillon Building
1301 Kansas Highway 264
Larned Kansas 67550
Telephone: (620) 285-4660 Ext. 2

FILED

JAN 24 2023

Clerk, U.S. District Court
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIMOTHY J. BURCH** <br><br> Plaintiff, <br><br> vs. <br><br> **STATE OF  KANSAS** <br><br> Defendant. | **Case No.**     23-3022-DDC <br> *(To be supplied by the Clerk)* <br><br><br> **CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983** |

### A.    JURISDICTION

**1)**    Timothy J. Burch is a citizen of Kansas who presently resides at 1301 Kansas Highway 264, Larned Kansas 67550, in the Sexual Predator Treatment Program located on the campus of the Larned State Hospital.

**2)**    Defendant State of Kansas is an entity of and for the State of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law?  ■ **Yes**  □ No. If your answer is "Yes," briefly explain:

> They were acting in accords with the laws they have created within their territory.

**3)**    Jurisdiction is invoked pursuant to 28 U.S.C. § 1343; 28 U.S.C. § 1367; and 42 U.S.C. § 1983.

## B.    NATURE OF THE CASE

**1)**    Briefly state the background of your case:

Mr. Burch comes forward seeking a determination of what his Constitutional rights are during an annual review while civilly committed under the Kansas Sexually Violent Predator Act (KSVPA). This includes a facial and as applied challenge to the terms and language of K.S.A. 59-29a08. A novel issue that has never been heard or reviewed by a Federal Court or the United States Supreme Court.

All issues have been reviewed and argued to the highest state Court and Mr. Burch seeks this Court to enter declaratory and then injunctive relief to enforce his Constitutional rights that the Court finds applicable.

## C.    CAUSE OF ACTION

**1)**    I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:

**A)**    (1) **Count I**:    Due    Process    Clause    of    the    Fourteenth Amendment of the United States Constitution.

**B)**    (1) **Count II**: Right to Access the Court under the First Amendment of the United States Constitution.

**(2)**    Supporting facts for all counts:

**1.**    On December 31, 2001, the State of Kansas filed a Petition with the Wyandotte County District Court to commit Mr. Burch under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 et seq. Wyandotte County Court assigned it as Case Number 2001-PR-412.

**2.**     On May 30, 2002, pursuant to a stipulation agreement between Mr. Burch and the State of Kansas, an order for commitment under the KSVPA was entered and Mr. Burch was ordered committed under the KSVPA.

**3.**     On June 2, 2021, Laura Howard, Secretary for the Kansas Department on Aging and Disability Services (KDADS, filed the following documents:

    **a.**     Letter

    **b.**     Annual Notice of Right to Petition for Release From Treatment Over the Secretary's Objection.

**4.**     The documents listed in Paragraph 3 were submitted and filed by the Clerk of Wyandotte County Court in accords with K.S.A. 59-29a08(a).

**5.**     For the 2021 Annual Review Mr. Burch requested the Court allow him an independent examiner at his expense and was denied. This filing was made on June 24, 2021. Luke Alsobrook, assigned attorney filed a similar request on July 10, 2021 and was denied by the Court on September 2, 2021.

**6.**     For the 2021 Annual Review, Mr. Burch, via assigned legal counsel Luke Alsobrook, moved the Court to allow for discovery prior to probable cause to enable Mr. Burch to present valid evidence. The Wyandotte County District Court denied this. This filing was made on July 10, 2021 and denied by the Court on September 2, 2021.

**7.**     For the 2021 Annual review Mr. Burch was not allowed to be present or present any evidence on his behalf at the probable cause hearing. This denial was based on:

    **a.**     The Wyandotte County District Court's decision, memorialized in an order; or

> **b.** The plain language of the KSVPA. K.S.A. 59-29a08(e).

**8.** Luke Alsobrook, attorney for Mr. Burch, filed a Notice of Appeal, with the Wyandotte County Court, on September 15, 2021. However, Mr. Alsobrook never executed or followed through with the appeal.

**9.** On September 2, 2022, Honorable Constance Alvey held a hearing concerning the 2021 annual review. In this she held, not all inclusive, as follows:

> **a.** Mr. Burch is not allowed to have an independent examination, even at his own expense;

> **b.** Mr. Burch is not allowed to have discovery prior to probable cause;

> **c.** Mr. Burch is not allowed to be present or attend the hearing; and

> **d.** Mr. Burch needs to remain confined for: **(1)** His treatment of others; **(2)** He has not completed the program; **(3)** Disrespect of the rules; and **(4)** Having a wall that impedes progression in the program.

**10.** Concerning the 2021 Annual Review Mr. Burch exhausted his state court remedies as set forth in the following:

> **a.** On October 14, 2021, Mr. Burch, without counsel, filed a Notice of Appeal with the Wyandotte County District Court.

> **b.** On October 12, 2021, Mr. Burch, without counsel, filed a request for transcript. The transcript was completed on October 29, 2021.

> **c.** The case was docketed with the Kansas Court of Appeals on November 24, 2021.

**d.** On the 19th day of August 2022, the Court of Appeals denied relief to Mr. Burch. In re Burch, 2022 Kan. App. Unpub. LEXIS 437; 515 P.3d 296; 2022 WL 3568607.

**e.** On the 5th day of September 2022, Mr. Burch served a copy of a Petition for Review on the Kansas Supreme Court and Attorney General for the State.

**f.** On the 15th day of December 2022, the Supreme Court denied review as Mr. Burch had requested. They did not hear the case as it was a summary denial of review.

**11.** The State of Kansas, via their Legislature through amending K.S.A. 59-29a08, have declared the policy is to confine Mr. Burch because he has not fully attended in the alleged treatment program, including:

**a.** If Mr. Burch misses one class he is not entitled to an annual review;

**b.** If Mr. Burch misses one part or aspect of the treatment the State designed during the year, he is unable to show change and can even be denied an annual review; and

**c.** If Mr. Burch is not one-hundred percent compliant, he is not entitled to an independent examination, even if he pays for it.

**12.** The State of Kansas, via their Legislature through amending K.S.A. 59-29a08, have declared that Mr. Burch has the burden of proof at the probable cause hearing of an annual review.

**13.** The State of Kansas, via their Legislature through amending K.S.A. 59-29a08, has declared that even though the

burden is on Mr. Burch, the hearing is to be held in *absentia* of Mr. Burch.

**14.** The State of Kansas, via their Legislature through amending K.S.A. 59-29a08, has declared that if during an annual review Mr. Burch is found to no longer be a danger due to a mental abnormality or personality disorder he is not entitled to discharge. Rather Mr. Burch must:

**a.** Be transferred to transitional release. A prerelease period with no set time or limit and lasts until the Court again finds that he is no longer a danger due to a mental abnormality or personality disorder, at which time he may go to Conditional Release;

**b.** If while on Transitional release Mr. Burch receives a rule violation he is subjected to being returned to Secure Confinement and having to start all over.

**c.** Once the Court then finds the release from Transitional is warranted, based on the fact Mr. Burch is no longer a danger due to a mental abnormality or personality disorder,  Mr. Burch must then be placed on Conditional release;

**d.** Conditional release, a second prerelease period, now requires a period of no less than five years before eligibility for release and if during that period of time Mr. Burch receives a rule violation, the following can occur:

**1.** Mr. Burch can be re-committed to secure confinement and start all over;

**2.** Mr. Burch can be placed on Transitional release; or

    **3.**    Mr. Burch has to re-start the five year period of Conditional release.

    **e.**    For the purpose of this section a rule violation is set forth and defined as follows:

    **1.** A violation of a rule set by the supervising agency (i.e. Forgot to log a phone call, Forgot to carry his cellphone, forgot to call, etc.); and

    **2.** A rule violation is not nor does it have to be a part of the mental abnormality or personality disorder that caused Mr. Burch to be a danger; and

    **3.** Does not have to be a part of Mr. Burch's offending behavior; and

    **4.** Can include anything the supervising officer or person does not like that Mr. Burch does.

    **15.**    The District Courts in Kansas, Wyandotte County Court specific to Mr. Burch, hold and enforce that an independent examiner is not a statutory or constitutional right during an annual review for Mr. Burch.

    **16.**    The District Courts in Kansas, Wyandotte County Court specific to Mr. Burch, hold and enforce that Mr. Burch cannot show change or ability to be released until he completes the treatment regimen that the State of Kansas has in place at the Sexual Predator Treatment Program.

    **17.**    The District Courts in Kansas, Wyandotte County Court specific to Mr. Burch, hold and enforce that Mr. Burch is

not entitled to assistance of counsel during the appeal of an adverse ruling to his interests in an annual review.

18. The District Courts in Kansas, Wyandotte County Court specific to Mr. Burch, abide by and enforce the fact that Mr. Burch is not eligible for discharge during an annual review period unless he completed Secure Confinement, Transitional release, and has had five years without a rule violation on Conditional release.

19. The Court of Appeals and Kansas Supreme Court hold and enforce that an independent examiner is not a statutory or constitutional right during an annual review for Mr. Burch.

20. The Court of Appeals and Kansas Supreme Court hold and enforce that Mr. Burch cannot show change or ability to be released until he completes the treatment regimen that the State of Kansas has in place at the Sexual Predator Treatment Program.

21. The Court of Appeals and Kansas Supreme Court hold and enforce that Mr. Burch is not entitled to assistance of counsel during the appeal of an adverse ruling to his interests in an annual review.

22. The Court of Appeals and Kansas Supreme Court hold that an independent examiner, even if payed by Mr. Burch, can and may be denied at the discretion of the District Court.

23. The Court of Appeals and Kansas Supreme Court hold that continued restraint of liberty is permissible if Mr. Burch has not completed the program rather than a change to the mental abnormality or personality disorder has occurred.

24. The Court of Appeals and Kansas Supreme Court abide by and enforce the fact that Mr. Burch is not eligible for

discharge during an annual review period unless he completed Secure Confinement, Transitional release, and has had five years without a rule violation on Conditional release.

**25.** The annual review statute under the KSVPA is K.S.A. 59-29a08. Concerning this the following is factual:

    **a.** Since the decision in *Kansas v. Hendricks,* 521 U.S. 346 (1998), the statute has been amended a total of six times;

    **b.** Since the decision in *Kansas v. Hendricks,* 521 U.S. 346 (1998), the statute has been involved in a case before the Kansas Court of Appeals and Kansas Supreme Court a total of eighty times, based on Mr. Burch's ability to research on Lexis Nexis;

    **c.** Between the year 2010 and 2015 the Legislature amended the statute to read that only one in Conditional Release could Petition for discharge. Prior to this anyone could seek discharge at an annual review hearing;

    **d.** In the year 2017 the Legislature amended it to read: "Only a person in transitional release shall be permitted to petition for conditional release. Only a person in conditional release shall be permitted to petition for final discharge."

    **e.** In the year 2017 the Legislature amended the statute to read that whether an independent examiner was allowed is a matter of discretion for the District Court, with the following factors to be considered: **(1)** The person's compliance with institutional requirements; and **(2)** The person's participation in treatment.

     **f.**       K.S.A. 59-29a08 has not been reviewed by the Federal Courts of the United States, inclusive of the Supreme Court of the United States to determine if it is facially or as applied within that which is afforded as a right under the United States Constitution or whether it affords a proper level of Due Process to protect the right it impinges upon.

     **26.**   Based on the last report from Dr. Robert Barnett, Independent Examiner for Mr. Burch, it is presumed that said report, attempted to be introduced as an update, would have argued for Mr. Burch's release. This can be said to mean:

     **a.**      The attorney for the state used the District Court and its Judge to prevent adversarial review during the annual review;

     **b.**      The Court of Appeals turned a blind eye to fairness and all Due Process protections; and

     **c.**      The Kansas Legislature enacted the statute allowing for this to occur.

     **27.**   The Kansas Court of Appeals and Kansas Supreme Court hold that commitment under the KSVPA ends when the annual review report is filed.

     **28.**   The Kansas Court of Appeals and Kansas Supreme Court hold that due process requires annual review proceedings to utilize the same standard of proof as used in the original commitment proceedings. As such, to deny a committed person release, the State is also constitutionally required to prove beyond a reasonable doubt that the person would have serious difficulty controlling his or her behavior if transitionally released.

**D.   PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

**1)**   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your confinement? ■ Yes   □ No. If your answer is "Yes," describe each lawsuit:

*In re Burch*, 296 Kan. 215; *In re Care and Treatment of Burch*, No. 116,600, 401 P.3d 683, 2017 WL 3947430 (Kan. App. 2017) (unpublished opinion); *In re Care and Treatment of Burch*, No. 116,370, 395 P.3d 846, 2017 WL 2403389 (Kan. App. 2017) (unpublished opinion); *In re Care and Treatment of Burch*, No. 102,468, 2010 WL 3324271 (Kan. App. 2010) (unpublished opinion). Burch has appealed other adverse rulings as well in state and federal court. See *Burch v. Howard*, 57 Kan. App. 2d 860, 461 P.3d 840 (2020); *Burch v. Keck*, 56 Kan. App. 2d 1162, 444 P.3d 1000 (2019); *Burch v. Kansas Dept. for Aging and Disability Services*, No. 121,511, 2019 WL 6795825 (Kan. App. 2019) (unpublished opinion); *Burch v. Ash*, No. 116,599, 394 P.3d 156, 2017 WL 2021067 (Kan. App. 2017) (unpublished opinion); *Burch v. Bruffett*, No. 116,150, 2017 WL 754250 (Kan. App. 2017) (unpublished opinion); *Burch v. Bruffett*, No. 113,607, 361 P.3d 523, 2015 WL 7693761 (Kan. App. 2015) (unpublished opinion); *Burch v. Sullivan*, No. 109,175, 313 P.3d 837, 2013 WL 6389201 (Kan. App. 2013) (unpublished opinion); *Burch v. Lynch*, No. 108,798, 302 P.3d 45, 2013 WL 2972822 (Kan. App. 2013) (unpublished opinion); *Burch v. Lynch*, No. 106,612, 2012 WL 718991 (Kan. App. 2012) (unpublished opinion); *Burch v. Jordan*, No. 07-3236-JAR, 2007 U.S. Dist. LEXIS 86023, 2007 WL 4163637 (D. Kan. 2007) (unpublished opinion), *refiled Burch v. Jordan*, No. 07-3236, 2010 U.S. Dist. LEXIS 135546, 2010 WL 5391569 (D. Kan. 2010)

(unpublished opinion), *aff'd Burch v. Jordan*, 444 Fed. Appx. 236 (10th Cir. 2011) (unpublished opinion).

**2)**     I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C ■ Yes □ No. If your answer is "Yes," briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought.

Plaintiff appealed the decision(s) of the Wyandotte County District Court to the Kansas Court of Appeals and Kansas Supreme Court. Each of these reviewing Courts denied any relief as set forth in the Facts section of this Petition.

## E. REQUEST FOR RELIEF

**1)**     I, Timothy J. Burch, come forward and request that this Court after review of this Complaint find and issue the following relief:

**A.**     Declare that denial of an expert witness at an annual review hearing, whether it be probable cause or evidentiary hearing, is a denial of the Constitutional rights of Mr. Burch under the Fourteenth Amendment of the United States Constitution.

**B.**     Declare that continued confinement on the basis of non-completion of a program that has not been empirically studied or proven is not a narrowly defined class that allows for permissible constitutional confinement.

**C.**     Declare that without any evidence of a lack of control by a mental abnormality or personality disorder continued confinement under the KSVPA is and would be unconstitutional.

**D.**   Declare that holding an annual review hearing, of any type, without Mr. Burch being present is and would be a denial of the basic premise of Due Process in violation of the rights set forth in the United States Constitution Fourteenth Amendment.

**E.**   Declare that affording the report from the State, admitted once per year per statute, to be allowed to be the sole grounds for re-commitment without adversarial review is a denial of Due Process and thus violates Mr. Burch's rights under the Fourteenth Amendment of the United States Constitution.

**F.**   Declare that under the Fourteenth Amendment Due Process Clause that Mr. Burch is entitled and must be allowed to gather evidence to subject the State's report to the adversarial process. This shall include an independent examiner, discovery and any other method allowed for under the rules of the Court or standards to afford fair Due Process.

**G.**   Declare that continued confinement is unconstitutional if the clinicians at the treatment program do ***not*** gauge the ***degree*** of the ***mental abnormality*** or ***personality disorder***, that cause the ***dangerousness*** which necessitates the need for treatment.

**H.**   Declare that if there is no measurement regarding the ***degree*** of ***dangerousness,*** then there is no clear path for release, nor any basis *for the committing* Court to draw a legal conclusion as to when to release, making the confinement unconstitutional.

**I.**   Declare that civil confinement based solely on the basis of past criminal offenses is a violation of the United States Constitution's clauses concerning *Ex Post Facto, Double Jeopardy, and Due Process*.

**J.**   Declare that confinement or continued confinement under the KSVPA is unconstitutional if the reason is because one has not completed the program or had an issue with staff.

**K.**     Declare that all rights a criminal has during a criminal proceeding are the minimal rights that must be afforded to one confined under the KSVPA during an annual review.

**L.**     Declare that all rights an inmate has during his period of incarceration and parole or post-release period are the minimal rights that must be afforded to one confined under the KSVPA during an annual review.

**M.**     Declare that non-compliance with the State's program or treatment is not a constitutionally permissible method or reason to restrain one's freedom under the Fourteenth Amendment of the United States Constitution.

**N.**     Declare that the United States Constitution's Fourteenth Amendment mandates Mr. Burch's release when a change in the mental abnormality or personality disorder has so changed. Based on this requirement an evaluation of the progress in treatment and subsequent restraint of freedom on this basis is a violation of Mr. Burch's right to freedom under the Fourteenth Amendment of the United States Constitution.

**O.**     Declare that denial of discharge during an annual review subjects Mr. Burch to an unlawful restraint of his right to freedom from restraint under the Fourteenth Amendment of the United States Constitution.

**P.**     Declare that the State of Kansas does not measure change in the degree of the mental abnormality or personality disorder that caused Mr. Burch to be committed. As such no measure has ever been included in an annual review examination submitted to the Court by the State.

**Q.**     Declare that Conditional Release is a pattern of a system of prevalent parole with no end in sight, that can be restarted at the whim of the State of Kansas, even if Mr. Burch no longer suffers from a mental abnormality or personality disorder that would cause him to be a danger as

it causes him to lack control, in violation of the Fourteenth Amendment of the United States Constitution.

**R.**   After the trial of this matter, if necessary, award to Plaintiff declaratory and injunctive relief necessary against the Defendants.

**S.**   Order the Defendants to pay the Court and reimburse Mr. Burch any costs expended on this case including but not limited to filing fees, and service fees.

**T.**   Grant any other necessary and prudent relief found necessary to remedy the violations of the United States Constitution.

Timothy J. Burch, *Pro Se.*
Dillon Building
1301 Kansas Highway 264
Larned Kansas 67550
Telephone: (620) 285-4660 Ext. 2