IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIMOTHY J. BURCH | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:23-cv-03022-DDC-KGG |
| | ) | |
| STATE OF KANSAS | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING MOTION FOR RECONSIDERATION**

Now before the Court is Plaintiff's motion to reconsider the Court's previous order striking his amended complaint. (Doc. 23). Defendant opposes the motion arguing that the Plaintiff "needs to request the Court's leave or Defendant's written consent to file the amended complaint." (Doc. 26). The Court finds that the Plaintiff is entitled to amend his complaint in response to Defendant's newly raised grounds for dismissal. For the reasons stated herein, the Court **GRANTS** Plaintiff's motion.

Plaintiff brought this declaratory action to establish that previous proceedings relating to his confinement pursuant to the Kansas Sexually Violent Predator Act are unconstitutional. Defendant filed its motion to dismiss the Complaint in its entirety on March 21, 2023. The motion to dismiss raised three grounds for dismissing the Complaint: (1) the claims are barred by the *Rooker-Feldman* doctrine; (2) the claims are barred by the doctrine of res judicata; and (3) any claims regarding conditional release are not ripe for review. Plaintiff timely filed a response to the motion addressing the arguments Defendants raised. A Reply was filed on April 28, 2023, which completed briefing on the motion.

On May 10, 2023, twelve days after the Reply was filed, Plaintiff mailed a Surreply[1] and an amended complaint for filing. The clerk's office received the documents and filed them on May 12, 2023. Defendant thereafter moved to strike the amended complaint. Plaintiff failed to respond to the motion to strike. As such, the Court considered the motion as uncontested, granted the motion, and struck the amended complaint. Plaintiff mailed his motion to reconsider the Court's ruling on July 10, 2023, which was received and filed on July 13, 2023. After reviewing the motion, the Court ordered Defendant to respond to the motion. The Defendant responded to the motion on August 1, 2023. The Court considers the motion fully briefed and is prepared to rule.

Whether to grant a motion to reconsider lies in the discretion of the court. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). A motion for reconsideration must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. Ordinally, a party can only file an amended pleading as a matter course 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may only amend the pleading with the Court's leave or the opposing party's consent. Fed. R. Civ. P. 15(a)(2).

In this case, Plaintiff did not receive leave of Court or obtain the opposing party's consent. Instead, Plaintiff mailed an amended complaint to be filed, which was docketed 14-days after Defendant's Reply was filed. Plaintiff argues that because Defendant's Reply raised new grounds for dismissal, he should be able to file an amended complaint as a matter of course.

---

[1] The issue of whether the Surreply was properly filed is not before the Court.

Defendant maintains the position that regardless of the new argument raised, Plaintiff needed to obtain the Court's leave or the opposing party's consent, and in any event, Plaintiff filed a Surreply to address the new argument. The Court disagrees with the Defendant.

The purpose of Fed. R. Civ. P. 15(a)(1) is to allow a party to carefully consider a pleader's arguments and determine that an "amendment is wise." Committee Notes on Rules—2009 Amendment, Fed. R. Civ. P. 15. Amending a pleading as a response may reduce the number of issues to be decided and even prevent motions practice altogether, thereby preserving judicial resources.

Here, Defendant raised new grounds for dismissal in its reply in support of its motion to dismiss. It included, for the first time, an argument that Plaintiff's claims are barred because the State of Kansas is not a "person" for the purposes of 42 U.S.C. § 1983. Defendant conceded that the new issue was raised and was inadvertently left out of the original motion to dismiss. Plaintiff's amended complaint seeks to change the parties in an effort to respond to Defendant's newly raised argument. Indeed, this type of amendment is exactly what is contemplated in Rule 15. Accordingly, the Court will consider the date the Reply was filed the day the 21-day deadline begins. Despite Plaintiff's amended pleading being filed outside 21-days of the original motion to dismiss, the amended pleading was filed within 21-days of the Reply and was amended solely to address the new argument raised. Therefore, the Court has reviewed the amended pleading and rules that the Plaintiff may amend his complaint as a matter of course. Plaintiff's motion for reconsideration is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff motion for reconsideration (Doc. 23) is **GRANTED**. The Clerk's office is directed to unseal the amended complaint. (Doc. 20).

4

**IT IS FURTHER ORDERED** that Plaintiff immediately prepare summons and effectuate service of process on all named parties.

**SO ORDERED**.

Dated: August 2, 2023, at Wichita, Kansas.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge

4