UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY J. BURCH,

    Plaintiff,

v.

KRIS KOBACH and LAURA HOWARD,

    Defendants.

Case No. 23-3022-DDC-BGS

**MEMORANDUM AND ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL AND
FIRST REVISED SCHEDULING ORDER**

This matter comes before the Court on Plaintiff Timothy Burch's (hereinafter "Burch" or "Plaintiff") motion for the appointment of counsel. Doc. 60. The main basis for Plaintiff's motion is that since he has been transferred to a new facility, he does not have sufficient access to legal resources. Defendants do not take a position on the motion but provided the Court with two affidavits from the Director of Plaintiff's facility. After considering Plaintiff's motion and all the relevant submissions, the motion is **DENIED**.

**I.   Background**

The Court will provide a brief background to provide context for the present motion. Mr. Burch brought this 42 U.S.C. § 1983 lawsuit against Kansas Attorney General Kris Kobach[1] and Secretary of the Kansas Department for Aging and Disability Services Laura Howard. Doc. 20, at 1. Plaintiff was civilly committed under the Kansas Sexually Violent Predator Act ("KSVPA") in 2001. Doc. 20, at 3. He argues that his continued confinement is the product of unconstitutional KSVPA

---

[1] Kansas Attorney General Derek Schmidt was originally one of the Defendants. Kris Kobach succeeded to that role and the court substituted him in place of Derek Schmidt. *See* Doc. 52, at FN 1.

1

procedures and seeks injunctive and declaratory relief to determine his rights in KSVPA proceedings going forward.

Defendants moved to dismiss the amended complaint on December 5, 2023, arguing lack of Article III standing, Eleventh Amendment sovereign immunity, and that Mr. Burch's claims are barred by *Heck v. Humphrey*, barred by the *Rooker-Feldman* doctrine and collateral estoppel. Doc. 39. The District Judge granted in part and denied in part Defendants' motion to dismiss. The remaining claims are: (1) Due Process challenge to the denial of an expert witness at an annual review hearing; (2) Due Process challenge to the practice of denying release based on failure to complete the treatment program; and (3) Due Process challenge to the practice of denying individuals the ability to petition for discharge if they haven't completed conditional release. *See* Doc. 52.

The Court entered its scheduling order on October 2, 2024, in which the discovery deadline was set for March 7, 2025. During most of the case, Mr. Burch was staying at a secure facility in which he had access to legal research materials. He also had access to groups which assisted residents at the facility with their legal cases. Sometime during the discovery period, Mr. Burch moved facilities. His current facility is referred to as the "reintegration facility" which he was moved to as part of his advancement in the KSVPA program. This relocation prompted Mr. Burch to file his present motion for the appointment of counsel.

In his motion to appoint counsel, he argues that he is unable to access potentially relevant case law due to KSVPA policies and is unable to print-off case law due to the possibility of it being deemed contraband. He also expresses concerns that facility employees may monitor his research, his claims are complex, defense counsel has not communicated with him, and that he has diminished access to legal resources. To gather more information on the situation, the Court conducted two status conferences on January 8, 2025, and January 22, 2025. The Court questioned Plaintiff on his current living situation as well as questioned him on what resources he currently has access to for

2

him to prosecute his case.  Defense counsel, who had general knowledge of facility's policies and procedures, also participated in both hearings.  During the hearings, the Court was able to gather additional information which was helpful in considering the motion.

The Defendants filed two affidavits from Stacey Paige—the Director of Maple and Willow House for the KSVPA Program.  The first affidavit contained general information pertaining to Plaintiff's reintegration facility.  Flash drives, computers, and storage devices are reviewed to ensure they do not contain contraband.  However, any files marked as attorney-client privilege are not reviewed.  Residents also have access to contact outside counsel, can request approval to view any website to conduct legal research, have access to a computer for 1.5-hour blocks of time, and have access to a public library.  The second affidavit contained additional information.  It stated that Plaintiff may have access to Westlaw or LexisNexis if he requests it and is permitted to access and print-off case law that is relevant to his legal research.  While staff may monitor his activity, staff will not read his research if they see he is using a legal resource.  The affidavit further provided that Plaintiff has been approved to communicate with defense counsel via email and telephone.  After reviewing the briefing and the accompanying affidavits, the Court is prepared to rule.

## II.   Legal Standard

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).  "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

When deciding whether to appoint counsel, the Court considers the following factors: (1) the merit of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3)

the party's capacity to prepare and present the case without the aid of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers whether the party can afford counsel and whether the party has made a diligent effort to retain an attorney. *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

**III.   Analysis**

The above factors weigh against the appointment of counsel. First, the burden is on the moving party to show that the claims are of sufficient merit to warrant the appointment of counsel. *Hill*, F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Here, the District Judge previously granted in part and denied in part a motion to dismiss which dismissed many of Plaintiff's claims but allowed some claims to remain. The Court recognizes that at least some of the claims state a plausible cause of action; however, it expresses no opinion as to whether the claims will be able to withstand future dispositive motions. As such, this factor slightly weighs in Plaintiff's favor.

The second factor the Court must consider is the nature and complexity of the factual and legal issues. In this case, the Court recognizes that the legal issues may be complex, but it is not factually complicated. The facts in this case do not warrant extensive depositions, the cross-examination of multiple witnesses, or multiple experts. *See, e.g., Cohagan v. Welch*, No. 23-4069-JAR-RES, 2023 WL 8678878, at *2 (D. Kan. Sept. 12, 2023) (noting that instances in matters where Plaintiff has firsthand knowledge of the facts are not complex). Most of the issues in the case are legal in nature and do not require substantial fact investigation. However, the legal issues may be

more complex than other cases in which counsel is requested. At the motion to dismiss stage, Defendants raised the *Heck* doctrine, issues of immunity, and collateral estoppel. This court has previously recognized that similar issues may be complex in nature. *See, e.g., McCoy v. Meyers*, No. 12-3160-CM-GLR, 2016 WL 305365, at *2 (D. Kan. Jan. 26, 2016) (noting that the issues were complex because they involved the *Heck* doctrine, issue preclusion, and immunity issues). So, while the factual matters may not be complex nor require extensive work, the legal issues are more complex than other cases filed by pro se litigants. Therefore, the Court find this to be a neutral factor in the analysis of whether to appoint counsel.

Third, the next factor the Court will consider is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the Plaintiff's ability to gather and present crucial facts as well as the complexity of the case. *Id.* at 1422. Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). In his motion, Plaintiff states that his new reintegration facility does not provide access to a law library or an individual who can assist him with legal research. He further states that he has limited computer access, does not have access to legal research services, and has concerns about printing off relevant cases and bringing them into his room. Mr. Burch therefore argues that legal counsel is necessary for him to adequately prepare his case.

In response to the motion, the Defendants did not take a position on the motion; however, they provided affidavits from Stacey Paige—the Director of his reintegration facility. The affidavits provided that residents can request approval to view legal research websites, computers are available for 1.5-hour blocks of time, and each resident has access to a public library. Mr. Burch acknowledges there is a public library, but asserts it is not a law library and is insufficient for his

5

purposes. The affidavits also confirmed that Plaintiff would be able to print cases relevant to his research and bring them into his room. Those cases may be reviewed by staff to ensure compliance with the facility's policies; however, Plaintiff is able to print and review cases which he believes are helpful. While staff must be present with Mr. Burch when he is at the public library and monitor his computer usage, they will not review his legal research. Plaintiff also has approval to communicate with defense counsel about the case.

After hearing from the parties and reviewing the briefing, the Court finds that Plaintiff is adequately able to prepare his case. He has access to a resident computer that he can reserve for up to 1.5 hours at a time. He could potentially spend more time at the computer if other residents have not already reserved other spots. Upon request, Mr. Burch can access legal resources available online or in the public library. Plaintiff has also shown an ability to prosecute his case in an effective manner. He has successfully survived a motion to dismiss and has demonstrated the ability to present his claims and arguments. Mr. Burch cites appropriate legal standards and cites to various statutes and case law, which tend to show he can adequately communicate with the Court. *Sullivan v. WorkMarket*, No. 22-cv-2017-KHV-RES, 2022 WL 22893390, at *2. (D. Kan. Aug. 8, 2022). Although much of his case-related work was done at his prior facility, his reintegration has made assurances that he continues to have access to legal resources and is able to print and review relevant case law that includes descriptions of sex crimes. Accordingly, the Court finds that this factor weighs against the appointment of counsel.

Lastly, the Court will consider whether Plaintiff can afford counsel and whether he has made a diligent effort to retain an attorney. While Plaintiff is not proceeding *in forma pauperis*, the Court does not doubt he cannot afford an attorney. He has stated on the record that he cannot afford to purchase legal resources and has little money on hand. Regarding the diligent effort to retain counsel, Plaintiff must show that he "made a reasonably diligent effort under the circumstances to

6

obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, he states that he contacted the Kansas City Metropolitan Bar Association, Kansas Legal Services, and law firm of Morris Laing. While the Court typically requires more than three contacts, it will find that is reasonable under the circumstances. He states that he has no ability to receive attorney contact information. Moreover, he is in a unique program which may make finding an attorney difficult. As such, the Court finds that Plaintiff has been diligent in his search and will not deny the motion on this basis.

However, after consideration of all the relevant factors, the Court finds that the appointment of counsel is not warranted. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court does not find his situation justifies appointing counsel. Plaintiff's Motion for Appointment of Counsel is, therefore, **DENIED**.

## IV.  New Case Schedule

Due to the pending motion for counsel delaying the proceedings, the Court finds good cause to make some adjustments to the remaining deadlines.[2] The Court will not reset mediation-related deadlines. During the status conferences, Plaintiff indicated that mediation is unlikely to resolve the case and that the matter needs reviewed by the courts on the merits. Accordingly, mediation is not ordered at this time, but the parties should be prepared to revisit the issue during the next status conference. The Court enters this amended scheduling order, summarized in the following table:

---

[2]The Defendants filed an unopposed motion to extend their deadline to disclose experts. *See* Doc. 72. The Court will address all extensions to the case schedule herein. Accordingly, the Court finds Defendants' motion for an extension of time to disclose experts as **MOOT**.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's experts disclosed (if any) | **March 14, 2025** |
| Defendants' experts disclosed (if any) | **April 11, 2025** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| Deposition of plaintiff (if needed) | **May 2, 2025** |
| Discovery requests served by | **April 9, 2025** |
| All discovery completed | **May 9, 2025** |
| Proposed pretrial order (if determined necessary) | **June 20, 2025** |
| Status Conference (by telephone)[3] | **April 23, 2025 at 11:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **August 1, 2025** |
| Bench Trial — ETT 4 days in Kansas City | **Beginning on April 7, 2026, at 9:00 a.m.** |

All other provisions of the original Scheduling Order, Doc. 53, remain in effect. The schedule adopted in this First Amended Scheduling Order will not be modified except by leave of court upon a showing of good cause.

**IT IS THEREFORE ORDERED** that Plaintiff's request for counsel, Doc. 60, is **DENIED**.

**IT IS FURTHER ORDERED** that the case schedule is amended as set forth above.

**IT IS FURTHER ORDERED** that Defendants' motion for an extension of time to disclose experts, Doc. 72, is **MOOT**.

---

[3]The parties are directed to call (316) 402-0044 and enter conference ID number 485 069 538 to participate in the conference. The Court also notes that the status conference was previously set for February 19, 2025, at 2:00 p.m. That status conference is cancelled and reset for the date reflected in the schedule.

**IT IS SO ORDERED**.

Dated February 6, 2025, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge